GUS SUN BOOKING EXCHANGE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10786. Promulgated October 16, 1928.

LITTLETON: This proceeding heretofore came on for hearing and was heard on May 9, 1927, and on January 12, 1928, the Board promulgated its findings of fact and opinion holding that the petitioner was not entitled to personal service classification. The Board also held that the petitioner was not entitled to have its profits tax computed under section 328 of the Revenue Act of 1918.

January 28 petitioner filed a motion for rehearing and on February 7, 1928, the Board granted the motion for a new trial upon the issue whether petitioner was entitled to special assessment and denied the motion on the question of personal service classification. Upon

motion of the Commissioner, the hearing on the special assessment issue was limited to the question whether there existed such abnormalities under section 327 of the Revenue Act of 1918 as to warrant computation of the tax under section 328. Hearing was had upon the special assessment issue and by order made and entered May 28, 1928, a Division of the Board found that there were abnormalities such as to warrant computation of the tax under section 328 of the Revenue Act of 1918, and on July 25 the Commissioner filed a notice of settlement and recomputation of the tax liability for the years 1918, 1919, and 1920, computing the profits tax for those years under the provisions of section 328.

August 20, 1928, petitioner filed a motion asking the Board to require the Commissioner to show the basis of his computation of the profits tax under section 328, which motion was, by order entered September 12, denied.

In the order of September 12, the Board placed the proceeding upon the day calendar of October 10, 1928, for consideration of entry of final decision under Rule 62 (c). September 22 counsel for the petitioner filed an "Application for Subpœna to Answer Interrogatories," which motion was denied by the Board September 25, 1928. Thereafter, on October 5, counsel for petitioner filed with the Board an application for a subpœna *duces tecum* for the production by the Commissioner on October 10 of certain information, comparative statistics, data sheets, card records, returns, etc., as set forth in items 1, 2 and 3 of said application now on file. In paragraph numbered 1 of the application petitioner asks for a subpœna requiring the Commissioner to produce "Any and all comparative statistics, data sheets, record cards, and/or data records prepared or compiled by said Commissioner of Internal Revenue prior to September 28, 1925, as incident to petitioner's request then made for special assessment of its profits taxes for 1918, 1919, and 1920 under section 328 of the Revenue Act of 1918 " which then formed the basis for the Commissioner's refusal on September 28, 1925, to grant the petitioner special assessment.

The Board has held that petitioner is entitled to special assessment and there is nothing in this application to show that the records referred to in this paragraph of the application will have any reasonable bearing or be relevant or necessary to the determination of the rate of petitioner's profits tax under section 328. The application for a subpoena for the production of the records set forth in paragraph numbered 1 of the application is hereby denied.

In paragraph numbered 2 of the application, petitioner asks that the Commissioner be required to produce at the hearing "Any and all comparative statistics, data sheets, record cards, and/or data

records prepared or compiled by said Commissioner of Internal Revenue as the basis of his proposed redetermination of this petitioner's income and profits taxes for 1918, 1919 and 1920, filed by him in this proceeding on July 25, 1928." The records called for in this paragraph of the application are those records which the Commissioner compiled and used in the recomputation filed by him with the Board as the basis for the entry of the final decision in this proceeding with respect to the petitioner's tax for the years 1918, 1919, and 1920. The application for the production of records specified in paragraph 2 of the application is granted and subpoena will issue accordingly.

In paragraph numbered 3 of the application, petitioner requests that the Commissioner be required to produce on October 10 "Any and all comparative statistics, data sheets, record cards, and/or data records, showing the profits taxes for each of the years 1918, 1919 and 1920, and also the ratio of each such profits tax to net income for the corresponding year " of six named corporations. It is not shown or claimed that the Commissioner has compiled any statistics, data sheets or made any card records or data records relating to the taxes, income and invested capital of the six corporations named in the application and there appears no necessity why the Commissioner should be required to compile any such statistics. Furthermore, even if the Board could require the Commissioner to compile such information for use by petitioner upon consideration of the recomputation under Rule 62(c), the application for subpoena was not made in time to enable the Board to issue a subpoena and give the Commissioner sufficient time to do this. However, petitioner is entitled under Rule 62(c), upon the showing made in the application, to have produced, upon the consideration of the proper rate of profits tax to be determined under section 328, the income and profits-tax returns of the corporations mentioned in the application, together with the Commissioner's final approved determinations in respect of their income, invested capital, and tax for the years 1918, 1919, and 1920, and if such documents are properly offered and received in evidence, petitioner may make such deductions from the information in the record as it may desire the Board to consider. Wherefore, the request that the Commissioner be required to appear and testify, and bring with him comparative statistics, data sheets, record cards, and/or data records showing the profits taxes for the years 1918, 1919, and 1920 and ratio of each such profits tax to net income for the corresponding year of the corporations specified in paragraph numbered 3 of the application is denied.

Subpoena will therefore issue requiring the Commissioner or such person as he may designate to appear and testify before the Board

at Washington on October 10, 1928, and that he bring with him the income and profits-tax returns of the six corporations named in the application, together with copies of his final determination of the income and profits-tax liability and the invested capital of these corporations for the years 1918, 1919, and 1920.